UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| John Kleinberg<br>236 Roosevelt Blvd.<br>Berlin, NJ 08009<br><br>　　　Plaintiff,<br><br>v.<br><br>Albert Clements,<br>Individ. & in his official capacity as a<br>Police Officer in the Berlin Borough Police<br>Department<br>59 South White Horse Pike<br>Berlin, NJ 08009<br><br>And<br><br>Edmond Shields,<br>Individ. & in his official capacity as a<br>Police Officer in the Berlin Borough Police<br>Department<br>59 South White Horse Pike<br>Berlin, NJ 08009<br><br>And<br><br>Michael Kernan,<br>Individ. & in his official capacity as a<br>Police Officer in the Berlin Borough Police<br>Department<br>59 South White Horse Pike<br>Berlin, NJ 08009<br><br>And<br><br>Millard Wilkinson,<br>Individ. & in his official capacity as a<br>Police Officer in the Berlin Borough Police<br>Department<br>59 South White Horse Pike<br>Berlin, NJ 08009 | CIVIL ACTION NO.<br>1:09-cv-04924-NLH-JS<br><br><br><br><br><br><br><br>**ANSWER & JURY DEMAND OF**<br>**Albert Clements**<br>**Edmond Shields**<br>**Michael Kernan**<br>**Millard Wilkinson**<br>**Berlin Borough**<br>**Berlin Borough Police Dept.**<br>**Robert L. Carrara** |

And

Berlin Borough
59 South White Horse Pike
Berlin, NJ 08009

And

Berlin Borough Police Department
59 South White Horse Pike
Berlin, NJ 08009

And

Robert L. Carrara,
Chief of Police of Berlin Borough
Police Department, Individually and in
His official capacity as Chief of Police
Of Berlin Borough Police Department
59 South White Horse Pike
Berlin, NJ 08009

And

Camden County 520 Market St.
Camden, NJ 08102

John Does 1-10

   Defendants.

   The defendants, Albert Clements, Edmond Shields, Michael Kernan, Millard Wilkinson, Berlin Borough, Berlin Borough Police Department, and Robert L. Carrara, by way of answer to plaintiff's complaint says:

**I. Preliminary Statement**

1. Denied that the answering defendants committed civil rights violations.

2. Denied.

3. Denied.

4. Denied.

## II. Jurisdiction and Venue

5. Denied that the complaint raises a federal question.

6. Admitted that venue would be in this District if there is jurisdiction.

## III. Parties

7. Admitted.

8. Admitted that Albert Clements is an Officer with the Berlin Borough Police Department. The balance of this allegation is denied.

9. Admitted that Edmond Shields is an Officer with the Berlin Borough Police Department. The balance of this allegation is denied.

10. Admitted that Michael Kernan is an Officer with the Berlin Borough Police Department. The balance of this allegation is denied.

11. Admitted that Millard Wilkinson is an Officer with the Berlin Borough Police Department. The balance of this allegation is denied.

12. Admitted that the Borough of Berlin is a municipal corporation of the State of New Jersey.

13. Admitted.

14. Admitted that Robert L. Carrara is the Chief of Police for Berlin Borough.

15. Denied that the County of Camden owns, operates, manages, directs or controls the Berlin Borough Police Department or any of the individual defendants.

16. Denied.

**IV.**     **Operative Facts**

    **A.**     **Background**

17.   Admitted that plaintiff was stopped for driving under the influence on 9/19/95.

18.   Admitted.

19.   Denied.

20.   Denied.

21.   Admitted that plaintiff was charged with driving under the influence and eluding police officers.

22.   Denied.

23.   Denied.

24.   Denied.

25.   The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

26.   The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

27.   The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

28.   The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

29.   The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

30. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

31. Denied. On August 18, 2008, plaintiff, in a state of intoxication, went to the home of Jennifer Kleinberg in an attempt to pick up his son.

32. Admitted.

33. Admitted that Jennifer Kleinberg did not want plaintiff to have visitation with his son on that date. The plaintiff was intoxicated and could not produce a court order verifying that he was entitled to visitation.

34. Admitted.

35. Denied. The plaintiff was intoxicated and did not have a court order for visitation. Mr. Kleinberg was instructed to leave the area.

36. Denied.

37. Denied. Plaintiff did not file a complaint with Internal Affairs. However, on August 26, 2008, plaintiff turned in a BB gun to the Berlin Police Department for safe keeping.

38. Denied.

39. Admitted that plaintiff spoke to Darren Lomonaco on September 8, 2008.

40. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

41. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

42. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

43. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

44. Admitted. The police responded to a call from Darren Lomanaco, a Collingswood Police Officer, that plaintiff was intoxicated and wanted a gun to shoot himself. The police were concerned regarding plaintiff's state of mind and safety.

45. Admitted.

46. Denied.

47. Denied.

48. Admitted that plaintiff closed and locked the door.

49. Admitted that two officers started to secure the perimeter of plaintiff's residence.

50. Admitted.

51. Denied. Plaintiff was in the garage when the police entered.

52. Denied.

53. Denied.

54. Denied.

55. Admitted only that plaintiff was handcuffed for his safety as well as the safety of the police officers.

56. Denied.

57. Admitted.

58. Denied.

59. Denied.

60. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

61. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

62. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

63. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

64. The answering defendants are without sufficient information or knowledge with regard to this allegation and leave plaintiff to his proofs.

65. Denied.

66. Denied.

## Damages

67. Denied.

**V.    Causes of Action**

### COUNT I
### CIVIL RIGHTS VIOLATION - I, IV, XIV Amendments
*Plaintiff v. Clements, Shields, Kernan, Wilkinson, in their official capacities*

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT II
### CIVIL RIGHTS VIOLATION - MONELL
*Plaintiff v. Borough, Chief, County and BBPD, in their official capacity*

73. The answering defendants repeat their answers to the allegations set forth above as if fully set forth herein at length.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT III
### State Law Claim - False Arrest/Imprisonment
*Plaintiff v. Clements, Shields, Kernan, Wilkinson*

78. The answering defendants repeat their answers to the allegations set forth above as if fully set forth herein at length.

79. Denied.

80. Denied.

81. Denied.

## COUNT IV
### State Constitution Claim
*Plaintiff v. Defendants*

82. The answering defendants repeat their answers to the allegations set forth above as if fully set forth herein at length.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## SEPARATE DEFENSES

1. The plaintiff's complaint fails to state a claim upon which relief may be granted.

2. The answering defendants breach no duty owing to plaintiff.

3. The plaintiff's claims are barred pursuant to the applicable federal and state statute of limitations.

4. Ripeness.

5. Plaintiff lacks standings to assert the claims herein.

6. The answering defendant, at all time, acted in good faith.

7. The damages, if any, suffered by the plaintiff herein were caused solely and proximately by his own negligence at the time and place mentioned in the complaint.

8. At all times relevant hereto, the answering defendants acted in accordance with the laws of the State of New Jersey.

9. The answering defendants are entitled to all of the defenses, immunities, and privileges contained in the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

10. The answering defendants are entitled to all of the privileges and limitations contained in N.J.S.A. 59:9-2, et seq.

11. The conduct of the answering defendants was reasonable and proper and within the scope of their authority.

12. There was no wilfulness by the answering defendants in any of the events involving the factual basis upon which this suit has been instituted.

13. The answering defendants have absolute immunity from the claims asserted by plaintiff.

14. The answering defendants have qualified immunity from the claims asserted by plaintiff.

15. This court lacks jurisdiction over the parties and/or subject matter of this suit.

16. Plaintiff has failed to present a justiciable case or controversy.

17. The court should not exercise jurisdiction over plaintiff's claims based on the Doctrine of Abstention.

18. Plaintiff has not been deprived of any liberty or property entitlement and therefore plaintiff's claims under 42 U.S.C. § 1983 are barred.

19. There is no pattern, policy, practice or custom of the answering defendant Borough of Berlin Police Department to create liability under § 1983.

## VI.     Prayer for Relief

WHEREFORE, defendants, Albert Clements, Edmond Shields, Michael Kernan, Millard Wilkinson, Berlin Borough, Berlin Borough Police Department, and Robert L. Carrara, demand judgment dismissing plaintiff's complaint.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

/s/ George J. Botcheos, Esquire
GEORGE J. BOTCHEOS, ESQUIRE
George J. Botcheos, chartered
436 Commerce Lane, Suite A
West Berlin, NJ 08091
(856)809-0260/Fax 809-0263
Attorney for Defendants:
Albert Clements
Edmond Shields
Michael Kernan
Millard Wilkinson
Berlin Borough
Berlin Borough Police Department
Robert L. Carrara

Dated: January 20, 2010.