UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN KLEINBERG, | : | |
| | : | Civil Action No. 09-4924 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT CLEMENTS, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | **ORDER** |

    AND NOW this _____ day of _____, 2012, upon consideration of the Defendants, Albert Clements and Michael Kernan's Motion in Limine, and Plaintiff's response in opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion in Limine is DENIED.

_____
Noel Hillman, USDJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KLEINBERG, : | |
| : | Civil Action No. 09-4924 (NLH) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ALBERT CLEMENTS, et al., : | |
| : | |
| Defendants. : | |
| _____: | **BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE** |

**I.   INTRODUCTION**

On September 8, 2008, Plaintiff, John Kleinberg ("Kleinberg") was tackled to the floor of his home, stomped, kneed and punched while on the ground, and handcuffed by Defendants Albert Clements, Michael Kernan and Edmond Shields. [Exh. A; Kleinberg Transcript at p. 46.] At the time of this incident, Plaintiff was not suspected of committing any crime by any of the Defendants. [Exh. A, p. 45.] Plaintiff was unarmed at the time of the incident. [Exh. A, p. 45.] As a result of this incident, Plaintiff was treated by Virtua Berlin Hospital after sustaining broken ribs, and photographs of Kleinberg's injuries depict the damage done by the Defendants. [Exh. B; Deposition of Karl Kleinberg at p. 22.]

Nonetheless, Defendants now seek to preclude testimony by the Plaintiff concerning the cause and permanence of his injuries. As follows, Defendants' Motion in Limine should be denied.

**II.   ARGUMENT**

Defendants cite Texter v. Merlina, 333 F.App'x. 680 (3d Cir. 2009) for the notion that Plaintiff is not permitted to offer lay opinion testimony concerning the cause permanence of his injuries. (See Defendants' Brief in Support of their Motion in Limine at page 4.) As an initial

matter, the District Court in the Texter case, permitted Plaintiff in that case, to testify about his injuries, causation and permanence.  See Texter, at p.682 (Plaintiff testified at trial about his injuries and presented photographs depicting them).

Further, if a witness is not testifying as an expert, that witness' testimony in the form of opinions or inferences is limited to opinions and inferences which are rationally based upon the perception of the witness and helpful to a clear understanding of the witnesses' testimony or a determination of a fact in issue.  F.R.E. 701, see also, American Marine Rail NJ, LLC v. City of Bayonne, 289 F.Supp.2d 569 (D.N.J. 2003).  It would be completely unreasonable, and a violation of the rules of evidence to limit the plaintiff's testimony concerning injuries and causation in light of the facts concerning this specific incident.  Plaintiff should be permitted to testify concerning his injuries at the trial of this matter.

As to the issue of causation, if a question of causal relationship is so esoteric that lay minds cannot form an intelligent judgment about it without expert aid, an opinion from an expert may be required, but in some cases circumstantial evidence or common knowledge may provide a sound basis from which a causal sequence may be inferred.  Bushman v. Halm, 798 F.2d 651, 660 (3d Cir. N.J. 1986).  There is no general rule that expert testimony is required as to the issue of causation.  Id. at 658.  A jury may draw factual conclusions from basic facts to the extent that logic and human experience indicate a probability that certain consequences can and do follow from the basic facts.  Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102 (3d Cir. 1981).  A medical condition easily identified by lay persons as causally related to an incident, for example a broken leg sustained in an automobile accident, does not require expert testimony, as the conclusion reached is a matter of ordinary experience, i.e., a particular act or omission might be expected under the circumstances to produce a particular result.  Id.  On the other hand,

correlation between certain conditions such as psychiatric illness and injury may be beyond lay knowledge, thus requiring expert medical testimony.  Id.

Plaintiff's testimony in this case is clearly an example of the former.  Plaintiff is expected to testify at trial that he was tackled to the floor by the various police officer defendants, beaten, punched, kneed in the back and subsequently handcuffed.  Plaintiff will also testify that as a result of that incident he sustained several broken ribs which were treated at Virtua Hospital.  Plaintiff has photographs concerning the accident and Plaintiff will offer his father to testify about when those photos were taken.  This is a case in which the jury is permitted to make a determination of causation based upon the facts.  Plaintiff will testify that he sustained broken robs as a result of the assault and the jury should be allowed to consider such evidence. This issue goes to weight that jury affords Plaintiff's testimony, not admissibility. The testimony of the plaintiff concerning his injuries and causation should be admissible at trial, as such, Defendants' Motion in Limine should be denied.

## III.  CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine to preclude testimony at trial should be denied.

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Graham F. Baird, Esquire
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN KLEINBERG, | : | |
| | : | Civil Action No. 09-4924 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT CLEMENTS, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | **CERTIFICATE OF SERVICE** |

I, Graham F. Baird, Esquire, hereby certify that on this 16th day of November, 2012, a true and correct copy of the foregoing Brief in Opposition to Defendants' Motion in Limine was served via ECF upon the following parties:

Matthew B. Wieliczko, Esquire
Zeller & Wieliczko, LLP
10 Melrose Avenue, Suite 400
Cherry Hill, NJ 08003

Francis X. Donnelly, Esq.
Mayfield, Turner, Omara, Donnelly & Mcbride, PC
2201 Route 38
Suite 300
Cherry Hill, NJ 08002

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Graham F. Baird, Esquire
Attorney for Plaintiff