0091-06
**MAYFIELD, TURNER,**
**O'MARA & DONNELLY, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
(856) 667-2600
Attorneys for Defendant, Edmond Shields

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| John Kleinberg<br><br>       Plaintiff<br><br>    v.<br><br>Albert Clements; Edmond Shields; Michael Kernan; Millard Wilkinson; Berlin Borough; Berlin Borough Police Department; Robert L. Carrara; Camden County; and John Does 1-10 | CIVIL ACTION NO:<br><br>1:09-cv-04924-NLH-JS<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING ANY TESTIMONY AT TRIAL AS TO THE ALLEGED CAUSE AND ALLEGED PERMANENCY OF INJURIES SUSTAINED** |

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES..........................................................................................i

LEGAL ARGUMENT

    I.  PLAINTIFF CANNOT TESTIFY AS TO PERMANENCY OF HIS INJURIES WITHOUT EXPERT MEDICAL TESTIMONY.

    ......................................................................................................1

    II. PLAINTIFF CANNOT TESTIFY AS TO CAUSATION UNLESS AND UNTIL THE COURT DETRMINES WHETHER AN OBVIOUS CAUSAL CONNECTION EXISTS FOR EACH INJURY.

    ......................................................................................................3

# TABLE OF AUTHORITIES

PAGE

<u>Cases</u>

<u>Asplundh Mfg. Div. v. Benton Harbor</u>, 57 <u>F</u>. 3d 1190 (3d Cir. 1995)........................ 2

<u>Kelly v. Borwegen</u>, 230 <u>A</u>. 2d 532 (N.J. App. Div. 1967)……………………………........3

<u>Hrichak v. Pion</u>, 498 <u>F. Supp.</u> 2d 380 (D. Me. 2007)…………………………………....4

<u>Texter v. Merlina</u>, 2008 WL 545032 (D. N.J. 2000) ……………………………………1

<u>Texter v. Merlina</u>, 333 <u>Fed Appx.</u> 680 (3d Cir. 2009) …………………………….....2,3

<u>Weaver v. W.C.A.B. (Pennsylvania Power Co.)</u>, 487 <u>A</u>.2d, 116

(Pa. Ct. App. 1985)……………………………………………………………………….3

<u>**Court Rules**</u>

Fed. R. Evid. 701…………………………………………………………………….…..2

This reply brief is submitted in response to plaintiff's opposition and in further support of the Motion In Limine To Preclude Plaintiff From Offering Any Testimony At Trial As To The Alleged Cause And Alleged Permanency Of Injuries Sustained [Docket # 50] filed by co-defendants Albert Clements and Michael Kernan on November 7, 2012. The defendant herein, Edmond Shields, filed a motion for leave to join in the co-defendants' motion *in limine* on November 9, 2012. For the reasons set forth in defendant's original moving papers and those outlined below, it is respectfully requested that the court enter an Order granting the motion *in limine*.

## LEGAL ARGUMENT

### I.  PLAINTIFF CANNOT TESTIFY AS TO PERMANENCY OF HIS INJURIES WITHOUT EXPERT MEDICAL TESTIMONY.

In his brief in opposition to the instant motion, as to the permanency argument, plaintiff argues that "the District Court in the <u>Texter</u> case [ ] permitted Plaintiff [ ] to testify about his injuries, causation and permanence." <u>See</u> plaintiffs' brief [Docket No. 52], p.3. As to permanency, this statement is wholly inaccurate. In fact, the Order entered by the District Court did <u>not</u> allow plaintiff to testify as to permanency. <u>See Texter v. Merlina</u>, 2008 WL 545032 at * 2 (ordering that "Plaintiff is <u>precluded</u> from offering lay opinion testimony regarding: a. The

1

permanent nature of his physical and psychological symptoms . . . ") (emphasis added).

A witness may testify to relevant evidence that is "rationally based on the perception of the witness . . . and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Rule 702 governs the testimony by expert witnesses.

A plaintiff can testify as to what his injuries are, provided that his testimony is based on facts and does not present medical conclusions or opinions that require expert testimony. See Asplundh Mfg. Div. v. Benton Harbor, 57 F.3d 1190 (3d Cir. 1995) (holding witnesses not qualifying as experts were not permitted to draw conclusions which could be characterized as opinion testimony but, rather, were required to limit their testimony to facts); Texter v. Merlina, 333 Fed Appx. 680, 682 (3d Cir. 2009) (finding that lay opinion evidence of the plaintiff's injuries that required testimony by medical experts was inadmissible at trial where the plaintiff failed to produce medical expert to testify.)

Thus, it is clear that a layman may not give his opinion as to whether his injuries are permanent.  As plaintiff does not have an expert witness to testify within a reasonable degree of medical certainty as to permanency, he should be barred from testifying in any way as to permanency, as such testimony would be inadmissible and unduly prejudicial to defendants if heard by the jury.

For these reasons, the instant motion *in limine* should be granted.

## II.   PLAINTIFF CANNOT TESTIFY AS TO CAUSATION UNLESS AND UNTIL THE COURT DETERMINES WHETHER AN OBVIOUS CAUSAL CONNECTION EXISTS FOR EACH INJURY .

With respect to the argument on testimony regarding causation, plaintiff argues that in certain circumstances a plaintiff can testify as to causation without expert testimony, citing several cases.  Defendant Shields does not dispute this. What plaintiff fails to acknowledge in his opposition brief is that in order for such lay opinion testimony as to causation to be admissible, a court must make a preliminary determination that an "obvious causal connection" exists for each injury.  See Texter v. Merlina, supra, 333 Fed Appx. at 682. Thus, absent an obvious causal connection, expert testimony is required to prove causation.  See Kelly v. Borwegen, 230 A.2d 532, 534 (N.J. App. Div. 1967) (holding that expert testimony was required to prove causation where much of the claim of pain and suffering for three years after the accident was subjective and not obviously related to an identifiable injury); Weaver v. W.C.A.B. (Pennsylvania Power Co.), 487 A.2d 116, 118 (Pa. Ct. App. 1985) (finding that lay testimony is probative on issue of physical injury and cause of that injury only if cause and effect are so immediate, direct and natural to common experience as to obviate any need for

expert medical opinion). Indeed, in <u>Hrichak v. Pion</u>, 498 <u>F. Supp.</u>2d 380, 383 (D. Me. 2007), a case involving a motorist who filed a complaint against two officers after they allegedly used excessive force, the District Court of Maine held that plaintiff was not permitted to suggest a causal relationship between the alleged use of excessive force and the Peyronie's disease plaintiff alleged resulted from such alleged excessive force, as there was a lack of an obvious causal connection.

In the instant matter, it is respectfully submitted that there is no such obvious causal connection between the encounter between the defendant officers on September 8, 2008 and plaintiff's diagnosis of fractured ribs on or after October 1, 2008. Plaintiff was brought to the Virtua Health Berlin Emergency Room on the night of the subject incident, September 8, 2008. <u>See</u> Exhibit A to the accompanying Certification of Counsel. Plaintiff did not complain of any pain in his neck, eyes, chest, abdomen or any of his extremities while at the ER. <u>See id</u>. There is nothing in the medical records to suggest that plaintiff suffered a rib injury on September 8, 2008. <u>See id</u>. The <u>only</u> complaint of pain made by plaintiff reflected in the ER records is for upper back pain, which plaintiff reported to hospital staff that he had been experiencing for three years. <u>See id</u>.

Moreover, plaintiff was admitted to the hospital at that time due to the suicidal tendencies he was exhibiting. Even by the next day when he was examined by Dr. Terence Schiller, the medical records are silent as to any rib

injury or any complaints of rib pain by plaintiff.   <u>See</u> Exhibit B to the accompanying Certification of Counsel.

Plaintiff then went to the hospital nearly one month later, on October 1, 2008, at which time he was diagnosed with rib fractures.   <u>See</u> Exhibit C to the accompanying Certification of Counsel.  To the extent plaintiff attempts to relate this injury to the events of September 8, 2008, there is an inexplicable delay of nearly one month before the plaintiff sought medical treatment for his rib fractures. It is respectfully submitted that the lapse of time alone suggests that there may be a superseding cause of the injury.  In any event, there is clearly a lack of an obvious causal connection between the alleged acts of defendants and plaintiff's alleged injuries, as the rib fractures could have been the result of an intervening event occurring during the extensive time gap.  The case law is clear that this is a legal issue for the court to decide.   At trial, the court must make a preliminary determination as to whether there is an obvious causal connection between the alleged act and the alleged injuries.  If the court answers this preliminary question in the negative, then plaintiff should be precluded from offering lay opinion testimony as to causation.

For these reasons, the instant motion *in limine* should be granted.

Respectfully submitted,

/s/ *Robert J. Gillispie, Jr.*
Robert J. Gillispie, Jr.

Dated: November 21, 2012